Town of Beacon Falls *v.* Town of Seymour.

--------♦♦♦--------

## TOWN OF BEACON FALLS *vs.* TOWN OF SEYMOUR.

By statute, Rev. of 1866, p. 621, sec. 22, (slightly changed in Rev. of 1875.) the selectmen of any town are to furnish necessary support to inhabitants of other towns residing within such town, who are poor and unable to support themselves, the amount to be recovered of the towns where they belong; and where any such pauper becomes chargeable to the town the selectmen are to send notice of his condition to the town to which he belongs, the notice to state the name of the pauper and that he is chargeable. The selectmen of the town of *B* sent the following notice to the town of *S.* "We hereby give you notice that N. W. and his wife E. W., paupers of your town, are now here, poor and unable to support themselves, and we look to you for all lawful expenses that may be incurred for their support from this time." Held to be insufficient as not showing that the paupers were in fact chargeable to the town sending the notice.

ASSUMPSIT for supplies furnished to certain paupers, claimed to belong to the defendant town; brought to the Court of Common Pleas of New Haven County, and tried to the jury on the general issue before *Robinson, J.*

Upon the trial the plaintiffs offered evidence of the following notice sent by the selectmen of the town of Beacon Falls to those of the town of Seymour:

"Selectmen of the Town of Seymour, Conn.: We hereby give you notice that Newell J. Warner and his wife Eunice M. Warner, paupers of your town, are now here within the limits of this town, poor and unable to support themselves, and we look to you for all lawful expenses which may be incurred for their support from this date. Dated Beacon Falls, March 26, 1873.

JAMES S. WHEELER,   } *Selectmen."*
NOYES WHEELER,      }

The defendants claimed, and requested the court to instruct the jury, that this notice was not legal or sufficient to render the defendants liable for the support of the paupers by the plaintiffs subsequent thereto, in not stating that the paupers were chargeable to the plaintiffs or actually on expense to the town, or that the selectmen had been called upon to aid them. Also that the notice did not sufficiently state that the paupers were *residing* in the town of Beacon Falls.

The court on this point charged the jury as follows:

"The defendants claim that this notice served on Seymour by Beacon Falls was not legal because it did not state that the paupers were actually an expense. The statute requires that, whenever a pauper belonging to another town becomes chargeable, the selectmen of the town where he so becomes chargeable shall give notice of his condition to such other town within five days after they shall know its name, and if they fail to do this cannot recover except for support furnished after such notice was given. The statute does not prescribe the form of this notice. It is to be notice of the pauper's condition. The statute says that a letter mailed to the selectmen, giving the name of the pauper and that he is chargeable, shall be sufficient notice; but it does not say that every other notice shall be insufficient. The notice actually given in this present instance seems to me to be sufficient, and for the purposes of this case I charge you that it is legal and sufficient and gave good and statutory notice of the condition of these paupers."

Sundry other questions were made in the case, which it is not necessary to notice.

The jury having returned a verdict for the plaintiffs, the defendants moved for a new trial for error in the charge of the court.

*H. B. Munson,* with whom was *W. H. Williams,* in support of the motion.

The notice was insufficient. The statute has prescribed the substance, if not the form, of the notice, and also the time when it shall be given. The time to give notice is after

the pauper has become—1st, *actually* chargeable—and 2d, after the town has *actually* assisted him; (section 22 of the statute, Revision of 1866, p. 621;) and the notice must be that he "*is* chargeable," not that he *will be* chargeable at a future time however soon. See opinion of Kent, J., in *Verona* v. *Penobscot*, 56 Maine, 13: "Suppose the overseers of a town, anticipating that they must soon relieve a family, send a notice to the town where the settlement is that they have fallen into distress, although in fact no supplies have been furnished, such notice would be insufficient." This construction has been uniform, and in carefully looking over all the cases in this and all the New England states where the statutes are similar to ours, we have not been able to find a single notice in which the term *chargeable* or *on expense* is not used. *Middletown* v. *Berlin*, 18 Conn., 189; *Bangor* v. *Deer Isle*, 1 Greenl., 329; *Dover* v. *Paris*, 5 id., 430; *Chichester* v. *Pembroke*, 2 N. Hamp., 530; *Embden* v. *Augusta*, 12 Mass., 307; *Shutesbury* v. *Oxford*, 16 id., 102.

*H. Stoddard*, contra.

1. The notice was given March 26th, 1873, and while the Revision of 1866 was in force. The Revision of 1875 differs somewhat in phraseology, if not in substance. By the law in force when this notice was given, (see Rev. of 1866, page 624, sec. 22,) the town wherein a person was, must furnish support when the person was in the condition described by the following language: "Whenever a person, not an inhabitant of such town, residing therein, shall become *poor and unable to support himself*." Then the statute provides that such town "shall furnish such *pauper* such support as may be necessary as soon as the condition of such *pauper* shall come to their knowledge." Evidently the phrase "*poor and unable to support himself*," is in this statute used as convertible with the term "*pauper*." It is perfectly certain that the "*condition*" spoken of in this clause of the statute, is described therein and is expressed by the language "*shall become poor and unable to support himself*." *Hamden* v. *Bethany*, 43 Conn., 212. There are no other words in the statute descrip-

tive of the "*condition,*" except the use of the convertible word
"pauper." But the notice contains both—"*paupers* of your
town," and "*poor and unable to support themselves.*" The
use of the statutory word "*paupers,*" in the phrase "paupers
of your town," expresses a present, existing, actual condition
of things. The notice says they are "paupers." How can
language be more expressive of their then actual "condition."
So also the use of the statutory words: "*poor and unable to
support themselves,*" express a present, existing, actual condi-
tion of things. We submit that the employment of the pre-
cise language used in the statute is not only sufficient, but is
"certain to a certain intent in every particular."

2. It is said that we should have used the word "charge-
able." Certainly the words "*paupers* of your town," are as
broadly significant as the word "chargeable." The word
"pauper" necessarily includes every element of "chargeabil-
ity." But the word "chargeable," which the statute says
may be used in place of a description of "condition," is not
accurately descriptive of a person's condition. It is an apt
phrase to describe the *legal result* of a certain state of facts,
which facts constitute condition. No objection can be stated
to the notice in question that will not apply with far greater
force to either phrase, "chargeable" or "on expense." The
word "chargeable" is doubtless preferable to the words "on
expense," because a person might be temporarily "on expense"
under such circumstances that the town would never think of
seeking remuneration from another town. The statute says
that notice of the "condition" *must be given,* and afterwards,
in permitting the use of the word "chargeable" in place of an
actual description of the *actual condition* of the person,
intended to give the selectmen the option of stating the sim-
ple legal result of the condition of the person, or the more
complicated matter of actual condition of the person. But
certain it is that it is preferable to state the actual condition
just as was done in the case at bar.

3. It is said that the notice does not state that the paupers
were "*residing*" in Beacon Falls. But the notice used the
words, "paupers of your town are now here within the limits

of this town, poor and unable to support themselves." In *New Milford* v. *Sherman*, 21 Conn., 115, Judge ELLSWORTH says: "Being in the town and in necessitous circumstances, is a *residing therein* within the meaning of the law," and this is quoted approvingly by Judge McCURDY, in *Trumbull* v. *Moss*, 28 Conn., 257. Technical niceties in notices of this kind are not required. If the meaning is plain to the ordinary understanding it is enough. *Washington* v. *Kent*, 38 Conn., 251; *Hamden* v. *Bethany*, 43 id., 212.

PARK, C. J. We think the notice in this case is insufficient. Towns are under no common law obligation for the support of paupers. All their liability in this respect is imposed by statute. They are not liable, therefore, for the support of paupers any farther than the statute makes them so. Neither is there any equity in such cases in favor of either town in a controversy, but questions of this character must be determined by the rigid rules of the statute. Those rules govern this case, and by them we are to determine whether the notice given by the plaintiffs to the defendants in this case is sufficient to require the latter to respond to the demand of the former for the expenses incurred by them in the support of the paupers in question. The statute in force at the time the notice was given is as follows, (Revised Statutes of 1866, page 621:) "The selectmen of every town, whenever a person, not an inhabitant of such town, residing therein, shall become poor, and unable to support himself, shall furnish such pauper such support as may be necessary, as soon as the condition of such pauper shall come to their knowledge." * * "The selectmen of every town, in which a pauper belonging to another town is chargeable, shall give notice of his condition to the town to which the pauper belongs." * * "And a letter put into the mail stating the name of the pauper, and that he is chargeable, signed by one of the selectmen of the town where he resides, directed to the selectmen of the town where he belongs, etc., shall be sufficient evidence," &c.

From the reading of the statute it is obvious that the pauper

must be *chargeable* in the town giving the notice at the time the notice is sent, and the notice must contain a statement of the fact. That the pauper is chargeable is made a prerequisite to the giving of notice, and that the notice contains a statement of the fact is made a prerequisite to the liability of the town where the pauper belongs. For the statute further provides that, "where the selectmen have knowledge of the town where such pauper belongs, such town shall not be liable for any expenses for the time in which such notice is neglected to be given." Revised Statutes of 1866, page 622. Here "such notice" refers to the notice previously provided for. The question then is, does the notice in question contain a statement that the paupers are chargeable, that is, are poor and unable to support themselves, and are being supported by the town, or words of that import? The notice was as follows: "We hereby give you notice that Newell J. Warner, and his wife, Eunice M. Warner, paupers of your town, are now here within the limits of this town, poor and unable to support themselves, and we look to you for all lawful expenses which may be incurred for their support from this date." What is there here which imports that the paupers are being supported by the town? The clause, "we look to you for all lawful expenses which may be incurred for their support," clearly refers to future expenses, in case they should become chargeable, and nothing else. The phrase "expenses which may be incurred," cannot possibly be construed as expenses now being incurred. The language would seem to indicate a doubt whether any expenses would ever be incurred, and to treat the matter as a mere possibility. The present tense is not used, but the future tense only. The plain meaning of the sentence is this: "We may incur expenses for their support, and if we do we shall look to you for reimbursement." This is the import of the language and the only meaning that can be given to it. Substitute this language for that used, and the notice will appear clearly insufficient.

The additional words, "from this date," do not alter the meaning. The notice would take effect just as early without those words as with them. And it is clear that there is

nothing in this notice which imports that the paupers were then chargeable, unless the language "paupers of your town, are now here within the limits of this town, poor and unable to support themselves," so imports; that is, imports that they were then being supported by the town as well as being poor and unable to support themselves. But this language merely describes the condition of the persons, a condition which necessarily must precede support, for towns are not bound to furnish support until persons are actually in this condition. The condition must first exist, and then the liability to furnish support follows. The town may be liable to furnish support and yet may never in fact be called upon to do so, for in many cases persons "poor and unable to support themselves" are supported wholly by charity. Suppose some benevolent person should take all the paupers from the alms-house of some town, by consent of the town, and support them for a year. The paupers would be none the less paupers during the year. Their condition would be the same whether supported by the town or by this private charity; and during the year the town would be relieved from responsibility in regard to them. How then can it be claimed that this notice, which merely states that "Newell J. Warner, and his wife Eunice M. Warner, paupers of your town, are now here within the limits of this town, poor, and unable to support themselves," is a sufficient notice to the defendants to make them liable under the statute? But the counsel for the plaintiffs contend that the word "chargeable" is used in the statute as merely descriptive of the condition of the pauper, in order to show that he is the proper subject of support, and not that he is also actually receiving support. But the preceding words of the statute fully describe the condition of the pauper—"poor and unable to support himself," and why should another word of the same import be used in the same sentence? Clearly the two expressions were intended to have different meanings.

But we have direct authority on this subject. Section seven of the statute, (Revised Statutes of 1866, page 618,) reads as follows: "Any inhabitant of any town in the state may remove himself, &c., into any town, &c., and shall gain a

settlement in the town to which he may so remove, if he shall reside in said town for the full term of six years successively, after his removal into such town, and shall, during the whole of said time, support himself and his family, if any he have, without his or their becoming chargeable to such town, or to the town that may by law be liable to be charged for the support of such person or family; but if such person, &c., shall become chargeable to the town that may be liable for his or their support, &c." Here, manifestly the words, *"without becoming chargeable to such town,"* mean, without subjecting the town to actual expense for their support.

Section eight of the same statute reads, "When any inhabitant of any town shall remove into another town, and while there he, &c., shall become chargeable to the town, &c., the civil authority, &c., may order such pauper to be taken and transported from the town where he resides, and is chargeable, to the town to which he belongs, &c." Here, again manifestly the word *chargeable* is used in the same sense as in section seven. In proper order this section ought to follow the section in controversy, for the two sections are concerning the same subject matter. One provides for the liability of a town where one of its settled inhabitants has removed to another town, and is there chargeable. The other provides for the removal of the pauper to the town where he belongs when he is chargeable in another town. If these sections were together in consecutive order in the same statute, then the principle of construction everywhere applied would apply to the case, that when a statute uses a word in a certain sense, it is to be presumed to have been used in the same sense in all other parts of the statute wherever it occurs.

A new trial is advised.

In this opinion the other judges concurred; except PARDEE, J., who dissented.