TOWN OF BRISTOL *vs.* TOWN OF NEW BRITAIN.

First Judicial District, Hartford, October Term, 1898. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, JS.

Inasmuch as the liability of one town to another for the support of paupers is created and regulated by statute, compliance with the statutory requirements is essential to a recovery by the plaintiff town.

These statutory provisions, however, have no application where, as in the present case, the record shows that the plaintiff town seeks to recover, not for support furnished by it to the defendant's paupers, but for money which had been paid by the plaintiff to the defendant to reimburse the latter for its expense in supporting paupers who, at the time of such payment, were mistakenly believed by both towns to belong to the plaintiff, but who in fact belonged, as was afterwards ascertained, to the defendant.

Argued October 6th—decided November 11th, 1898.

ACTION to recover a sum of money claimed to have been paid under a mistake, brought to the Court of Common Pleas in Hartford County and tried to the court, *Case, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

The complaint as amended, is as follows: " 1. In the fiscal year 1894 the plaintiff paid to the defendant $80 for expenses incurred by defendant for the support of Mrs. John C. Russell and her family, paupers residing in and receiving support from the defendant town; in the year 1895 plaintiff paid for the same cause $110; in 1896, $130; and in 1897, $50.  2. Said payments were made upon the representation

of the defendant that the said Mrs. Russell and family were settled inhabitants of the town of Bristol, for whose support it was liable, and because of the mistaken belief that they were such settled inhabitants of said town of Bristol. 3. Said paupers were in fact not settled inhabitants of the town of Bristol, but were settled inhabitants of the town of New Britain. 4. On March 6th, 1897, immediately after learning said facts, the first selectman of the plaintiff notified the first selectman of the defendant thereof, and demanded a repayment of said sums. 5. The defendant refused and neglected to repay the same."

The defendant demurred to the complaint, and the demurrer, except as to one paragraph, was overruled.

The defendant then filed the following answer: "1. The defendant admits that the plaintiff town paid to the defendant in the fiscal years specified, the several sums in paragraph 1 specified, and that said sums were expended by the defendant for the support of Mrs. John C. Russell and her family, paupers residing in the defendant town. Except as hereinbefore admitted, paragraph 1 is denied. 2. As to paragraph 2, defendant says it has no knowledge or information as to the alleged belief of plaintiff sufficient to form a belief on the part of the defendant. The other allegations of paragraph 2 are denied. 3. Paragraph 3 is admitted. 4. Notice and demand of payment on March 6th, 1897, is admitted. If anything further is claimed as material, proof is demanded. 5. Paragraph 5 is admitted."

The court found the issues for the plaintiff, and made the following finding of facts : 1. In January, 1894, Mrs. John C. Russell and her minor children became poor and unable to support themselves, and they were then and ever since have been residing in the town of New Britain. 2. Application was thereupon made by a friend of Mrs. Russell to the selectmen of said New Britain for aid for said persons. 3. The selectmen of both Bristol and New Britain at that time believed, and until March, 1897, continued to believe, that said Russells were settled inhabitants of the town of Bristol. 4. Acting under this belief the first selectman of New Britain

immediately notified the first selectman of Bristol, by telephone and also by letter, that such application had been made, and that the said Russells belonged to the town of Bristol. 5. Following said notice there was correspondence between the first selectman of the respective towns relative to the amount of support necessary to be furnished, as a result of which the first selectman of Bristol, under the belief that his town was liable for the support of said Russells, authorized the expenditure by the town of New Britain of eight dollars a month for such support, and later authorized an expenditure of ten dollars a month for the same purpose. 6. In 1896 the then first selectman of Bristol inquired of New Britain's first selectman if said persons could not be supported for a less sum than that agreed upon, and was informed by him that they could not be. 7. The town of New Britain furnished support to the said Russells at the rate so agreed upon, and the town of Bristol, by way of reimbursement for such support, and induced thereto solely by its belief that the said Russells belonged to and were settled inhabitants of the town of Bristol, paid over to the defendant town the sums named in the complaint. 8. Said Russells were not, in January, 1894, or at any time thereafter, settled inhabitants of, nor did they belong to, the town of Bristol, but during all said period they belonged to the town of New Britain, and were settled inhabitants thereof. 9. The town of Bristol first learned the facts set up in the preceding paragraph, in March, 1897, after an investigation by its first selectman, who thereupon immediately notified the defendant town of said facts, refused to make any further payment for the support of said Russells, and demanded repayment of the sums already paid by said Bristol for that purpose. 10. The defendant has not repaid said sums or any part thereof.

Upon the facts thus found the defendant claimed that the plaintiff was not entitled to recover, and the court overruled this claim. The assignments of error upon the appeal relate to the action of the court : (1) in overruling the demurrer to the complaint; (2) in overruling the above claim.

*John Coats,* for the appellant (defendant).

*Epaphroditus Peck,* for the appellee (plaintiff).

TORRANCE, J. The principal question in this case is whether the court, upon the facts found, erred in rendering judgment for the plaintiff, and the decision of this question depends upon the proper construction of the finding of facts.

The defendant says the import of the finding is this : Bristol, when notified by New Britain that the paupers belonged to Bristol and that they had applied to New Britain for aid, assumed their support, and made the selectmen of New Britain the agents of Bristol to expend for their support money furnished by Bristol to its agents for this express purpose.

In this view of the finding Bristol itself supported the paupers, through agents of its own appointment, and neither New Britain, nor its selectmen as such, had anything whatever to do with the paupers after Bristol had been notified. If this is the true construction of the finding, the defendant is right in claiming, as it does, that the plaintiff cannot recover in this action, even though it supported paupers belonging to New Britain under a clear, honest and innocent mistake of fact.

The liability of one town to another town for support furnished by the latter to paupers belonging to the former, is created solely by statute, and the statutory requirements must be complied with as a prerequisite to the existence of any liability. *Beacon Falls* v. *Seymour,* 44 Conn. 210 ; *Windham* v. *Lebanon,* 51 id. 319.

If Bristol, when notified by New Britain, had removed the paupers to some place within the limits of Bristol, and had there itself supported them, it is clear that Bristol could not recover from New Britain for the money so expended, without complying with the statutory requirements as to notice; and the mere fact that in such a supposed case Bristol had furnished support to paupers belonging to New Britain, under an honest mistake as to their place of settlement, would make

no difference as to the liability of New Britain. It is equally true, we think, that if Bristol, when notified by New Britain, acting under a like mistake of fact, instead of removing the paupers, chose to support them itself in New Britain, it could not recover the expense of such support without showing a compliance with the statutory requirements. In either of the cases supposed, Bristol, in order to hold New Britain, must show that it complied with the statutory requirements. As there is no claim made that Bristol did comply with the requirements of our statutes so as to bind New Britain, it follows that if the defendant's construction of the finding is the true one, the court below erred in rendering judgment for the plaintiff.

But we are of opinion that the construction which the defendant contends for is not the true construction of the finding. Taken as a whole, we think the true import of the finding is that New Britain and not Bristol furnished the support in the first instance, and Bristol agreed to reimburse New Britain for what that town might expend for that purpose. In furnishing this support New Britain was not the agent of Bristol and never intended to be its agent, but was acting for itself under the law in such a way as to bind Bristol, if the paupers had really belonged to Bristol. New Britain paid out its own money for the support of the paupers, and claimed the amount so paid out as a debt, under the statutes relating to paupers, due from Bristol to New Britain. New Britain claimed payment of that debt and Bristol paid it, both towns acting under the mistaken belief that such a debt was due when in truth no such debt was due. Bristol is now seeking, not to recover for money paid by it by mistake for the support of paupers belonging to New Britain, but for money paid to New Britain in payment of a debt claimed by New Britain to be due to it under the statute, in a case where no such debt in fact existed, but upon an honest assumption by both towns that it was due. This is the case set forth in the complaint, and it is also the case set forth in the finding. In this view of the case the statutes in relation to the support by one town of paupers belonging

to another, upon which the defendant relies, have no application.

Upon the facts found there is a " complete and irresistible. equity " in favor of Bristol to recover the money paid by it to New Britain.

The fact that Bristol assented to the claims of New Britain that the paupers belonged to Bristol, and agreed in advance to reimburse New Britain for what it might expend in support of them, is of no importance ; because it was made in ignorance of its rights, induced by an innocent mistake of material facts. *Clinton* v. *Haddam*, 50 Conn. 84. " Where money is paid to another under the influence of a mistake, that is, upon the supposition that a specific fact is true, which would entitle the other to the money, . . . and the money would not have been paid if it had been known to the payer that the fact was untrue, an action will lie to recover it back, and it is against conscience to retain it." *United States* v. *Barlow*, 132 U. S. 271, 282 ; *Northrop* v. *Graves*, 19 Conn. 548 ; *Mansfield* v. *Lynch*, 59 id. 320.

We know of no reason why the principles laid down in the above cited cases should not apply as well between towns as between individuals, where, as here, there is no statute to the contrary. In this view of the case it becomes unnecessary to discuss at length the claimed error in overruling the demurrer ; for the demurrer was based mainly upon the view of the case taken by the defendant, that Bristol had itself supported the paupers in New Britain through its own agents, and was seeking in this case to recover for what it had so expended. As 'this is not the correct view, the demurrer was properly overruled.

There is no error.

**In this opinion the other judges concurred.**