## THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY *vs.* THE ANSONIA ELECTRICAL COMPANY.

Third Judicial District, New Haven, June Term, 1910.
HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, Js.

In an action to recover money paid under a mistake of fact, the negligence of the plaintiff in failing to learn the real situation before making the payment, or in not ascertaining it sooner thereafter and making an earlier demand for repayment, is no defense, unless it also appears that such negligence has injured the defendant. Moreover, these facts, if relied upon as a defense, should be pleaded as such in the answer.

In the belief that goods shipped over its line by the defendant had been lost in transit, the plaintiff paid the defendant therefor, but several months later, and as soon as it learned that the goods had in fact been delivered in due course to the consignee, demanded a return of the money so paid and sued the defendant for its recovery. The answer alleged that the consignee became a bankrupt after the plaintiff had paid the defendant and before a return of the money had been requested. *Held* that this averment was wholly inadequate to show that the defendant had suffered any loss by reason of the plaintiff's alleged negligence; since it did not appear either that the defendant had turned over to the consignee the money so received from the plaintiff, or had been compelled to send a second shipment to replace the one supposedly lost.

Argued June 9th—decided July 12th, 1910.

ACTION to recover money paid under an alleged mistake of fact, brought to and tried by the City Court of New Haven, *Tyner, J.;* facts found and judgment rendered for the plaintiff for $44.70, and appeal by the defendant. *No error.*

*Frederick L. Perry*, for the appellant (defendant).

*Henry J. Hart*, for the appellee (plaintiff).

HALL, C. J. The defendant's demurrer to the complaint was properly overruled. As it presents no question not raised under the subsequent pleadings, it re-. quires no special discussion.

The facts found under the issues raised by the answer and reply are in substance these: February 17th, 1906, the defendant delivered to the plaintiff a quantity of wire, of the value of $41.20, to be shipped to the Southern Steel Company of Alabama City. The wire. was duly shipped to the station of the Southern Railway Company at Alabama City, and on the 27th of that month was receipted for there by a representative of the consignee, but was allowed to remain in the freight house. Soon afterward the Dwight Manufacturing Company of Alabama City, by mistake, took the wire away, and it was not returned to the real consignee until the last of April, or fore part of May, 1906. May 5th, ·1906, the defendant filed with the plaintiff a claim of $41.20 for said wire, as lost in transit, which claim, after repeated urging by the defendant, the plaintiff paid to the defendant September 3d, 1907, neither the plaintiff nor the defendant then knowing that the wire had in fact been delivered to the consignee. After the 21st of January, 1908, and after the Southern Steel Company had been adjudged a bankrupt, but as soon as the plaintiff learned that the wire had in fact been delivered to the consignee, the plaintiff demanded of the defendant repayment of said $41.20, but the defendant has always refused to repay the same.

The said wire was ordered of the defendant by James Clark, Jr. and Company of Louisville, Kentucky, and at its request was sent to the Southern Steel Company.

Upon these facts the court rendered judgment for the plaintiff.

The principal errors assigned in the appeal to this court are, that the trial court erred in overruling the

defendant's claim that the plaintiff was precluded from recovering for these reasons: (1) "Because of its negligence and the negligence of its agents"; (2) because "the plaintiff became subrogated to the rights of the defendant . . . by paying the defendant's claim"; and (3) because "of the bankruptcy of the consignee prior to the discovery of the delivery of said goods, by the parties to this action, to the consignee."

We find no merit in any of these claims. The plaintiff's negligence seems to have consisted mainly in trusting the defendant's persistent representations that the goods had been lost *in transitu*. But if the plaintiff was negligent in paying the money to the defendant, without first ascertaining whether the goods had been lost *in transitu*, that fact constituted no defense to this action unless it was also shown that such negligence had injured the defendant. *Mansfield* v. *Lynch*, 59 Conn. 320, 330, 22 Atl. 313. If the defendant was injured by such claimed negligence, or by the delay of the plaintiff to learn that the goods had in fact been delivered, and to demand repayment of the money earlier than it did, the knowledge of such injury was peculiar to the defendant and should have been pleaded in its answer. It is true that the defendant has alleged in its answer that after the plaintiff had paid the claim of the defendant, and before the commencement of this action, to wit, on the 21st of January, 1908, the consignee, the Southern Steel Company, was adjudged a bankrupt. But this is very far from an averment that the defendant, through the plaintiff's negligence and delay, had been compelled to pay to the Southern Steel Company the money received from the plaintiff, and that it had not been repaid and that it could not be collected; or that the defendant had been compelled to send a second shipment of wire to the Southern Steel Company for which, through the plaintiff's said delay,

New York, N. H. & H. R. Co. *v.* Ansonia Electrical Co.

they could not recover payment. These facts have not only not been pleaded, but have not been proved, nor apparently has the defendant attempted to prove them.

The facts before us show that the plaintiff in September, 1907, when it was not required to do so, but when it believed from the representations of the defendant that it was required to, paid to the defendant the sum of $41.20, which the defendant was not entitled to receive, and which, when repayment of it was demanded by the plaintiff, it had no right to retain, without showing some reason therefor. We cannot assume, upon the facts before us, that the Southern Steel Company having received the wire early in May, 1907, required the defendant thereafter to pay for the wire as lost. Nor can it be assumed that if the defendant did make such payment, that the consignee has wrongfully retained the money; nor that the consignee required the defendant to send a second shipment of goods which it retained without paying for them, after it had already received the first shipment.

There is also apparent force in the suggestion of plaintiff's counsel, that the bankruptcy of the consignee does not affect the defendant's ability to obtain compensation for any loss it may sustain from repaying the plaintiff, since the defendant's contract was with James Clark, Jr. and Company.

There is no error.

In this opinion the other judges concurred.