HENRY FICKEN *v.* EDWARD'S, INC.

CIRCUIT COURT                    NINTH CIRCUIT
                        FILE No. CV 9-616-238

Memorandum filed May 3, 1962

*A. Robert Gordon,* of Middletown, for the plaintiff.

*William A. Rabinowitz,* of Hartford, for the defendant.

KOSICKI, J. The plaintiff brought action against the defendant to recover money paid by mistake. The defendant filed a general denial and counterclaimed for $1005.36, alleging that the plaintiff had agreed to pay $1805.36 for merchandise installed on the plaintiff's premises, of which amount $800 had been paid. This the plaintiff denied.

The following facts, about which there was no substantial dispute, are found. On July 14, 1960, the plaintiff entered into a written contract with Edward Zak, Jr., not a party to this suit, for the construction of a house at a total cost of $14,200. The contract provided for stage construction payments which coincided with payments to be made by the City Savings Bank of Meriden on a construction mortgage executed by the plaintiff on said premises. All payments on the building contract were made to the contractor, the balance being paid on December 6, 1960.

As a part of the building contract, Zak was required to instal ceramic tile and formica, vinyl or linoleum surface covering in various areas of the house, and the defendant was chosen by him as the subcontractor for that purpose. The plaintiff made a selection of the materials to be used. He stood in no contractual relation with the defendant; the cost of the work was included in the contract price; and the defendant dealt solely with Zak and looked to him for payment. On November 25, 1960, the defendant sent Zak a detailed statement and invoice for the completed work in the total amount of $1805.36. No notice was given by the defendant to the plaintiff on or before December 6, when the

final payment was made by the plaintiff to the contractor, Zak. The bill of the defendant has not been paid. On March 31, 1961, Zak was adjudicated a bankrupt. The defendant was listed as a creditor and filed its claim in the total amount due.

On December 29, 1960, the defendant, by its president, called the plaintiff about the money owed to it by Zak and demanded payment in the honest belief that it had a right to a mechanic's lien which it proposed to file; and it was so represented to the plaintiff. Shortly thereafter, both parties consulted with counsel and acted upon their advice. At that time, counsel supposed that a right to a mechanic's lien existed and arranged for payment by the plaintiff of the full amount claimed by the defendant, upon obtaining the usual release, waiver and assignment. On January 27, 1961, all of those papers were delivered by defendant's attorney to the attorney for the plaintiff upon receipt of two checks in the amounts of $800 and $1005.36 respectively. To that point, both parties and counsel acted upon the belief that the plaintiff was liable to the defendant, that the debt of Zak was enforceable against the plaintiff, and that, unless he paid, a valid mechanic's lien would be lodged against the plaintiff's property. Soon after the checks were delivered, the attorney for the plaintiff became aware of the unsoundness of the defendant's claim and so notified defendant's counsel. Payment on the check for $1005.36 was stopped; the check for $800 had already been cashed by the defendant.

It is clear from the foregoing recital of facts that on and after December 6, 1960, the defendant had no right to a subcontractor's lien. General Statutes §§ 49-32 to 49-41; *Tice* v. *Moore,* 82 Conn. 244, 248; *Rowley* v. *Salladin,* 139 Conn. 642, 644. It is not claimed by the defendant that there was any personal liability resting on the plaintiff. It fol-

lows from the foregoing that on January 25, the defendant could not have recovered from the plaintiff in a contract action, nor could it have placed a valid encumbrance on the plaintiff's property. The conclusion is inescapable that so far as the aborted payment of $1805.36 is concerned, the defendant has no cause of action against the plaintiff and cannot recover the balance asserted in the counterclaim. The only question on which the parties are seriously at issue is whether the defendant can keep the $800 mistakenly paid to it or whether the defendant is obliged to return it to the plaintiff.

Where money is paid under a mutual mistake, the general rule appears to be that if the mistake is one of fact the payment may be recovered; but where the mistake is one of law, subject, however, to certain well defined exceptions, no recovery can be had. 40 Am. Jur. 844-850 §§ 187-198, 856-858 §§ 205-208. The rule in Connecticut is not in accord with that prevailing in other jurisdictions with respect to the distinction between a mistake of fact and a mistake of law. *State ex rel. Johnson* v. *Atchison,* 105 Conn. 315, 326; *Mansfield* v. *Lynch,* 59 Conn. 320, 328-330. In the case of *Northrup* v. *Graves,* 19 Conn. 548, 554, the rule applicable here was thus stated: "In the present case, we establish no new principle, nor depart from any well settled doctrine of the common law. We do not decide, that money paid by a mere mistake in point of law, can be recovered back; (a) as if it has been paid by an infant, by a feme covert, or by a person after the statute of limitations has barred an action, or when any other merely legal defence existed against a claim for the money so paid, and which might be honestly retained. But we mean distinctly to assert, that, when money is paid by one, under a mistake of his rights and his duty, and which he was under no legal or moral obligation to pay, and which the

recipient has no right in good conscience to retain, it may be recovered back, in an action of *indebitatus assumpsit,* whether such mistake be one of fact or law; and this we insist, may be done, both upon the principle of Christian morals and the common law. And such only was the doctrine of the charge to the jury, in the present case. In such a case as we have stated, there can be no reasonable presumption that a gratuity is intended; nor is the maxim *Volenti non fit injuria,* at all invaded. The mind no more assents to the payment made under a mistake of the law, than if made under a mistake of the facts; the delusion is the same in both cases; in both alike, the mind is influenced by false motives."

This rule has remained unchanged to this time. It rests on principles of equity, and it has been broadly stated that "a party, who had paid money under a mistake, as to his rights and duty, which he was under no legal or moral obligation to pay, and which the party receiving it, had no right, in good conscience, to retain, might recover it back, in an action at law, whether the mistake was one of fact or of law." *Stedwell* v. *Anderson,* 21 Conn. 139, 144.

In situations where money had been paid under a mistake of law or fact, as in the present case, the principal question to be resolved and one that is often fraught with much difficulty is whether it is unconscionable for the defendant to retain the money so paid. See *Texas Co.* v. *Crown Petroleum Corporation,* 137 Conn. 217, 226; *Bilton Machine Tool Co.* v. *United Illuminating Co.,* 110 Conn. 417, 431. That the plaintiff was under no legal or moral obligation to pay appears so plainly that it requires no further consideration. And it cannot be urged that the payment resulted from plaintiff's negligence; for even if negligence were present, it caused the defendant no harm. *Mansfield* v. *Lynch,* 59

Conn. 320, 330; *New York, N.H. & H.R. Co.* v. *Ansonia Electrical Co.*, 83 Conn. 462, 464. There is nothing in the evidence to show that the defendant gave any consideration for the money it received. See *Texas Co.* v. *Crown Petroleum Corporation*, supra. Nor is the present case one of compromise of claim, which does not fall within the rule stated above, for the plaintiff mistakenly undertook to pay Zak's debt in full. See *Remington Arms U.M.C. Co.* v. *Feeney Tool Co.*, 97 Conn. 129, 131.

The only case the court has been able to find which tends to support the defendant's view is *Monroe National Bank* v. *Catlin*, 82 Conn. 227, 230. In that case, the defendant, a dealer in cotton in Hartford, bought some cotton of one Bandy, a broker in Monroe, Louisiana. Bandy drew two drafts on the defendant for the purchase money and attached to them forged bills of lading. These he delivered to the plaintiff, with whom he banked, for collection. In due course, the defendant paid the drafts and the money was deposited with the plaintiff to the account of Bandy, who promptly withdrew it. The forgery was later discovered and the defendant threatened suit unless the money sent the plaintiff was repaid. He had supposed that the bills of lading were genuine and had in part relied on the fact that the plaintiff was located in Monroe and would satisfy itself that they were so. To avoid suit and believing that it was legally and morally liable, the plaintiff paid on demand of the defendant's counsel and then sued to recover on the ground of payment by mistake. The court held that, the dispute having once been fairly settled by the parties, an action could not now be maintained to recover the money paid upon the ground that it had been paid by the plaintiff under a mistake as to its legal liability, and there was no inequity in the defendant's retaining the money so paid. See also

*Richey* v. *First National Bank & Trust Co.*, 123 Conn. 360, 365-367.

That case is distinguishable from the situation before the court. The defendant here knowingly pursued its claim against Zak until it became evident that further pursuit was futile; and it then changed its mind and sought to collect from the plaintiff. Of the defendant's efforts against Zak, the plaintiff had no knowledge. The payment by the plaintiff to the defendant was made under a mistake, and it is unconscionable for the defendant to retain the money. It is true that the amount of the counterclaim was justly due from Zak, but the plaintiff had paid Zak in full and should not be required to pay twice because of the defendant's misplaced confidence in Zak or its leniency in failing to demand prompt payment, or lack of diligence in giving notice to the plaintiff while he still held money due Zak on the contract. See *McWilliams* v. *American Fidelity Co.*, 140 Conn. 572, 575, 578, 579; *Gilpatric* v. *Hartford*, 98 Conn. 471, 480; *Bristol* v. *New Britain*, 71 Conn. 201, 206.

Judgment may enter for the plaintiff to recover $800, and on the counterclaim.