ABIJAH W. WELTON AND OTHERS *vs.* THE TOWN OF THOMASTON.

Hartford Dist., Jan. T., 1892. ANDREWS, C. J., CARPENTER, SEYMOUR, TORRANCE and FENN, Js.

It is provided by Gen. Statutes, § 2708, that "the selectmen of any town may, with its appropriation, by a writing signed by them, discontinue any highway." Held to be a matter of no importance whether the action of the town in the matter precedes or follows that of the selectmen.

[Argued January 5th—decided February 29th, 1892.]

PETITION to the county commissioners of Litchfield County for an order for the repair of a certain highway of the defendant town; order made, and appeal from it by the town to the Superior Court in Litchfield County. Heard

before *Robinson, J.*, and order disaffirmed and appeal by the petitioners.　The case is fully stated in the opinion.

*A. P. Bradstreet* and *F. W. Etheridge*, for the appellants.

*J. W. Webster* and *J. O'Neill*, for the appellee.

ANDREWS, C. J.　The plaintiffs made application to the county commissioners of Litchfield County, alleging that a certain highway in the town of Thomaston was out of re-·pair and unsafe for public travel and praying that the selectmen of that town be ordered to make suitable repairs on the same.　The county commissioners after a hearing made an order that the selectmen of the town remove all· obstructions to public travel on said highway and put the same into good and sufficient repair.　From that order the town of Thomaston appealed to the Superior Court, and set out divers reasons of appeal, one of which was that a portion of the highway had been discontinued.　The Superior Court found that this portion of the highway had been discontinued, and set aside the order of the commissioners as to that portion and affirmed it as to the remaining part of the highway named in their order.　The plaintiffs now appeal to this court from the judgment of the Superior Court.

The reasons of appeal filed in this court present two questions:—Was the highway one that could be discontinued by the selectmen?　And if so, do the facts found show a lawful discontinuance of it by the selectmen of Thomaston?

The first question is answered in the affirmative by the finding of the Superior Court.　We do not discover any error in the finding on this point.　The other question is in one aspect a question of fact and in another aspect a question of law.　The statutes provide that "the selectmen of any town may, with its approbation, by a writing signed by them, discontinue any highway therein, except," etc., etc. Gen. Statutes, § 2708.　As a question of fact it is found by

the Superior Court that the selectmen of Thomaston had by a writing signed by them discontinued the portion of highway in question. It also found that such discontinuance was with the approbation of the town. But it appears that the act of the town approving the discontinuance preceded the act of the selectmen in making the discontinuance; and this is the question of law. The plaintiffs insist that the approval in order to be valid must follow the discontinuance and cannot precede it. This claim cannot be sustained. It is not supported by the words of the statute. It would be as consistent with the language of the statute to claim that the approval must in all cases precede the act of discontinuance, as it is to claim that the approval must be subsequent to the discontinuance. Approbation means sanction, consent, concurrence. Doubtless the approbation by the town must be of the precise act of discontinuance made by the selectmen; and when this is found to be the fact, the corporate expression by the town of its approbation may as well precede the act of discontinuance as follow it.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.