CLARENCE E. ANDERSON *vs.* GUSTAF A. BERG.

Worcester.   October 4, 1899. — October 19, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & LORING, JJ.

*Mechanic's Lien — Finding and Effect of Ratification of Contract by
Owner of Land.*

At the trial of a petition to enforce a mechanic's lien, under Pub. Sts. c. 191, for
labor and materials furnished in the construction of a building, begun under a
contract made with the respondent while he was in possession of the land under
a contract of purchase, and completed after he became the owner by the deliv-
ery of a deed in pursuance of that contract, evidence of the respondent that
the house was built by his direction and in accordance with his wishes under the
contract with the petitioner, that he lived close by so that he could watch the
progress of the work, that he was content with the contract and relied upon it,
and that he made some payment to the petitioner after the delivery of the deed,
will warrant a finding that the contract was ratified by him.

When, during the progress of work on a building under an entire contract the pur-
chaser of the labor and materials becomes the owner of the land on which the
building is in process of erection, the statutory requisites are thereby complied
with which are necessary to create a mechanic's lien for some labor and ma-
terials, and the subsequent adoption of the contract establishes the lien against
him for the entire amount of the labor and materials.

PETITION, to enforce a mechanic's lien under Pub. Sts. c. 191.
At the trial in the Superior Court, after the findings of the
jury upon certain issues, *Hopkins*, J., found for the petitioner;
and the respondent alleged exceptions. The facts appear in
the opinion.

*M. M. Taylor*, (*H. S. Haskell* with him,) for the respondent.
*C. H. Wood*, for the petitioner.

LORING, J.   This is a petition to enforce a mechanic's lien
for labor and materials furnished in constructing a building
under the following circumstances. The work was begun under
a contract with the respondent dated July 18, 1898, and was
completed on September 28, 1898; when the contract of July 18
was made, the respondent was in possession of the land under
a contract of purchase, and on August 30 became the owner
thereof, under a deed dated June 8, 1898, made and delivered
in pursuance of that contract; at that time the building was
either plastered or half plastered.

The respondent testified that the house was built by his direction and in accordance with his wishes under the contract of July 18; that he lived close by so he could watch the progress of the work; that he was content with the contract and relied upon it; and made some payment to the plaintiff after August 30.

Two questions were submitted to the jury: First, what was the amount due? Second, what was the date of the delivery of the deed?

The respondent requested the presiding judge to rule that

" First. Upon all the admissions of fact by counsel, before the issues to the jury were framed, and upon the findings of the jury upon the issues submitted to them, the petitioner cannot maintain his lien.

" Second. Upon all the facts admitted by counsel, before the issues to the jury were framed, and upon the findings of the jury upon the issues framed and submitted to them, the question of fact whether the defendant did anything to indicate his consent to, or ratification of, any work done under the contract after August 30th, 1898, by the petitioner is not now open."

It is urged by the respondent's counsel that the ratification of the contract by the respondent after he became the owner of the land by delivery of the deed was not admitted by him nor submitted to the jury; that it was not raised by the pleadings, and that the evidence quoted above was admitted solely upon the issue of the amount due. But the question of ratification was argued at the trial, and no objection appears to have been taken at that time that it was not open under the pleadings. The respondent's contention is that under these circumstances the finding of the Superior Court cannot be sustained unless it can be sustained independently of the question of ratification.

On the uncontradicted testimony of the respondent, the contract was ratified by him whether his counsel admitted that to be so or not; there was no question on the evidence as to this material fact to be submitted to the jury under Pub. Sts. c. 191, § 21, and no request for the submission to the jury of any question as to that was made; on the evidence the

Superior Court had the right to find that the contract was ratified.

When during the progress of work on a building under an entire contract the purchaser of the labor and materials becomes the owner of the land on which the building is in process of erection, the statutory requisites are thereby complied with which are necessary to create a lien for some labor and materials; and it was held in *Courtemanche* v. *Blackstone Valley Street Railway*, 170 Mass. 50, that if the contract was an entire one, and it was adopted by the work subsequently performed, it was adopted as an entirety, and a lien for all the labor was created. Such adoption of the contract as an entirety by the owner of the land plainly creates a lien for materials as well as for labor, for there is no necessity for a written notice to make a lien for materials, where the owner is the purchaser; and by the subsequent adoption the lien is established against one who is the owner, not against a purchaser who is not an owner.

*Exceptions overruled.*