WILBUR S. PECK ET AL. *vs.* CHESTER H. BRUSH ET ALS.

Third Judicial District, New Haven, June Term, 1915.
THAYER, RORABACK, WHEELER, BEACH and BENNETT, Js.

A mechanic's lien must be confined to the particular building for which the materials were furnished, unless another building or buildings can properly be included as "appurtenances" to the former.

Prima facie one dwelling-house on a city lot is not an "appurtenance" of another separate house on the same lot, and therefore a lienor who affirms the contrary assumes the burden of proof upon such an issue.

In the present case the trial court found that the city lot in question, which had a frontage of sixty-seven feet and a depth of one hundred and twenty-four, and on which stood three separate buildings, was "not susceptible of division." *Held* that this could not be construed as an indirect finding of the essential fact of the dependency of the buildings one upon another, but only as a finding that the lot could not be divided advantageously or conveniently; and that such fact was not enough to create a lien in favor of the materialman upon a security to which he was not entitled under the statute (§§ 4135, 4136).

The inclusion, by mere mistake, in a certificate of lien, of several buildings, for one of which only were the materials in fact furnished and used, will not be treated as an intentional misdescription, and therefore will not invalidate the lien with respect to that particular building.

Argued June 1st—decided July 16th, 1915.

ACTION to foreclose a mechanic's lien, brought to and tried by the Court of Common Pleas in Fairfield County, *Scott, J.;* facts found and judgment rendered for the plaintiffs, and appeal by the defendant Brush. *Error and new trial ordered.*

*Spotswood D. Bowers,* for the appellant (defendant Brush).

*J. Moss Ives,* with whom was *George Wakeman,* for the appellees (plaintiffs).

BEACH, J.  The only question which the defendant raises on this appeal is whether the plaintiff's lien properly covers the entire property included in the judgment of foreclosure; and the material facts bearing upon that issue are as follows: The premises described in the complaint consist of a lot of land in the city of Danbury sixty-seven feet in width on Lincoln Avenue and one hundred and twenty-four feet in depth, formerly belonging to the defendant Kolpa, and conveyed to the defendant Brush after the plaintiff's certificate of lien was filed.

The complaint alleges that the plaintiff furnished materials and rendered services in the construction and repair of "certain buildings" thereon, and the answer admits that the plaintiff furnished materials for the construction of one building only.  The finding is that the plaintiff furnished materials for the construction of a dwelling on the property; that there are two other buildings on it, one of them a dwelling; that the materials furnished by the plaintiff did not go into either of these other buildings; and that the lot in question "is not susceptible of division."

On the authority of *Wilcox* v. *Woodruff,* 61 Conn. 578, 24 Atl. 521, 1056, and other cases, of which the

latest is *Tramonte* v. *Wilens, ante,* p. 520, 94 Atl. 978, the plaintiff's lien cannot cover any other buildings than the new building for whose construction he furnished materials, unless such other buildings are appurtenant to the new dwelling. Upon that issue the burden of proof is on the plaintiff, who claims to include in his foreclosure two buildings into which his materials or labor have not entered. Prima facie one dwelling on a city lot is not an appurtenance of another separate dwelling on the same lot, and there is no direct finding in this case that either of the older buildings is an appurtenance of the new.

It follows that the plaintiff's lien cannot be stretched to cover these older buildings, unless the finding that the lot is not susceptible of division can be construed as an indirect finding of the essential fact of dependency or appurtenancy. This we think cannot be done. The finding does not purport to fix the relation of the buildings to each other as dependent in character or use. It refers only to the land; and, since a lot of such dimensions is obviously capable of being divided into two smaller lots, the finding that it is not susceptible of division must be understood as a finding that for some reason this lot cannot advantageously or conveniently be divided. This fact, however, is not enough to create a lien in the plaintiff's favor upon a security to which he is not entitled under the statute. The prior occupation of a part of the lot by two buildings necessarily diminished the area available for the security of the plaintiff, who furnished materials for the erection of a new building thereon, unless the old buildings are appurtenant to the new; and this remains true although the lot is not susceptible of division without a sacrifice of value.

The judgment of foreclosure is therefore erroneous in so far as it includes the two older buildings with the

land on which they stand, and so much of the adjoining land as is reasonably necessary for their use.

As to the new building and the balance of the land, the plaintiff's lien is valid. The older buildings were apparently included in the certificate of lien because the plaintiff mistakenly supposed the fact to be, as alleged in the complaint, that some part of his materials had been used in them. Under these circumstances, the inclusion of the older buildings was such a mistake of fact as will not invalidate the lien; and was not an intentional misdescription within the rule laid down in *Rose* v. *Persse & Brooks Paper Works*, 29 Conn. 256.

There is error and a new trial is ordered.

In this opinion the other judges concurred.