HARRIS GINSBERG ET AL. *vs.* JAMES CAPONE ET AL.

Third Judicial District, Bridgeport, October Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

For services rendered and material furnished in the erection of two dwelling-houses, separate and distinct both in construction and intended use, and with nothing in common save that they were built under one contract and stood upon land that was purchased as one piece but was readily susceptible of division, a carpenter filed a single certificate of lien upon the entire tract. *Held* that the course pursued was improper and that the lien was invalid.

Upon the trial the alleged lienor offered to release such part of the property as was wrongfully included in the certificate as filed. *Held* that this could not be done so as to satisfy statutory requirements (§ 4135), and that the situation was not one where property which

Ginsberg *v.* Capone.

could not have been subjected to the lien was included in the certificate with property against which it was properly filed; but that in the present instance, while all of the property was open to two claims of lien, that is, one for each building and its appurtenant land,—the properties being separate and distinct,—they could not be subjected as an entirety to a single lien for materials and services which went into the construction of both.

An honest mistake in overstating the amount for which a lien is claimed will not invalidate the lien; but this rule is not available unless the circumstances are such as to warrant its application.

Argued October 24th—decided December 19th, 1916.

APPEAL by the defendant Frank Catalano, an alleged lienor, from an order and decree of the City Court of New Haven, *Booth, J.,* in foreclosure proceedings, adjudging the claimed lien of the appellant to be void and refusing to award to him any portion of the proceeds of a sale of the mortgaged premises remaining after the satisfaction of prior incumbrances. *No error.*

In December, 1914, the defendant Capone was the owner of a lot of land in New Haven having a frontage of seventy-five feet on Washington Avenue and a depth of one hundred feet. He had purchased it as a single lot. Being desirous of raising money to erect thereon two three-family houses, he mortgaged it to the plaintiff. He then proceeded to construct the two houses, both fronting on the avenue, which lay to the south of the lot. One he built upon its westerly portion and the other upon the easterly. They were fifteen feet apart and entirely separate from each other. As respects both construction and intended use they were wholly independent. They were erected at the same time and by the same contractors. Among these contractors were the defendants Catalano and Miller. Catalano did the carpentry work under a contract which embraced the two buildings, which were alike in all particulars, and Miller the plumbing under a similar contract. Catalano began his work first, and when it was

finished filed a lien against the entire property as a whole for the amount then due him on the two buildings. The certificate stated that he had furnished materials and rendered services in the construction of "a certain building" owned by Capone and situated on the seventy-five by one hundred foot lot fully described, and claimed a lien on "said building" and land for the amount due, to wit, $1,100 and interest. One half of this sum of $1,100 was for labor done and materials furnished in the erection of each building.

Miller, having completed his contract, filed two liens, one upon the westerly half of the lot upon which one building had been erected, and the other upon the easterly half upon which the second building stood. Each lien was for $334, being the amount due him for materials furnished and services rendered for each building.

The present action was one to foreclose the plaintiff's mortgage, and Capone and several lienors, including Catalano and Miller, were made parties defendant. The foreclosure judgment called for a foreclosure by sale. The proceeds of the sale were sufficient to pay the costs and expenses of the proceeding, satisfy the claims of the mortgagor and a lienor prior in right to both Catalano and Miller, and leave a balance to which Catalano claimed to be entitled as the next incumbrancer. The present controversy concerns this claim, opposed by Miller. The court denied it, declaring Catalano's lien invalid.

His certificate of lien was filed in good faith and had no fraudulent or dishonest purpose. At the hearing he filed in court a writing in which he offered to release such portion of the property as was wrongfully included in his certificate of lien. The allowance of Catalano's claim would exhaust the balance of the fund in court for distribution and exclude Miller, the next lienor in

the order of priority, from participation in the proceeds of the sale.

*Charles J. Martin,* with whom was *Louis M. Rosenbluth,* for the appellant (defendant Catalano).

*Bernhart Eliot Hoffman,* for the appellee (defendant Miller).

PRENTICE, C. J.   The claimant Catalano, having furnished materials and rendered services in the construction of two dwelling-house buildings having no connection with each other in either construction or intended use, and nothing in common save that both stood upon land that was purchased by its owner as a single piece, but susceptible of division, and were built under one contract,—filed a certificate of lien for the amount due him for such materials and services upon the entire tract of land so bought, and upon which both buildings stood.   That his purpose and intention was to claim a lien upon the two buildings is, notwithstanding the use of the singular number in the certificate, apparent, and assumed by his counsel as well as by counsel for Miller.   The principles enunciated in *Wilcox* v. *Woodruff,* 61 Conn. 578, 24 Atl. 521, 1056, and the reasons underlying them, there fully discussed, are decisive of the impropriety and irregularity of such a course.   See also *Peck* v. *Brush,* 89 Conn. 554, 556, 94 Atl. 981.

We do not understand counsel for Catalano to contest this proposition, but they urge that his offer made below to release such portion of the property as was wrongfully included under the lien he filed, should have been accepted, thereby securing to him a valid lien upon one of the buildings and its appurtenant land.

In support of this contention they rely upon the recent cases of *Tramonte* v. *Wilens,* 89 Conn. 520, 94

Atl. 978, and *Peck* v. *Brush,* 89 Conn. 554, 94 Atl. 981. In these cases certificates of lien, irregular because covering too much property, in that they included with the building upon which alone materials were furnished and services rendered, and its appurtenant land, a building or buildings in no way appurtenant to the first building and the land appurtenant to such building or buildings, were recognized as sufficient to sustain a lien as to so much of the property as was rightfully included.

Here a very different situation is presented. It is not one where property, which could not have been subjected to the lien, is included in the certificate with property against which it was properly filed. All of the property was subject to Catalano's claims of lien, but none of it to a single lien for the amount claimed. As to no portion was the certificate properly filed. It purported to make two entirely separate and independent properties as an entirety holden for materials and services which went into the construction of both. By it an attempt was made to charge the two properties with an indebtedness of $1,100, whereas neither both together, nor either one, nor any part of either one, was chargeable with that amount. Catalano's offer to release so much of the property as was wrongfully included in his lien did not, therefore, meet the situation. All of it was wrongfully included, and no release from the operation of the lien of a portion of the property could have been made which would have made the certificate a proper one. Its essential weakness is far more radical than that it covers too much property. It is that it conforms in no way to the statutory requirements, and contrary to them attempts to secure an indebtedness which no one lien could be made to secure, and to do it upon property none of which was chargeable with it.

It is true, as Catalano's counsel urge, that an honest mistake in overstating the amount for which a lien is claimed will not invalidate it, and that in such case it will be enforced for the rightful amount. *Marston* v. *Kenyon*, 44 Conn. 349, 356. But in the present case there was no mistake in the statement of indebtedness. There was no mistake made in that or any other respect save one arising from inadvertence or disregard of the plain provisions of the law (§ 4135) that the right of lien attaches to the building and appurtenant land, or buildings in the construction, raising, removal, or repair of which, or its appurtenances, the debt attempted to be secured was incurred. For aught that appears the statement of the certificate that $1,100 was the amount due upon the two buildings included in it was correct. The trouble is that Catalano improperly undertook to secure that amount against both. What he now asks, in effect, is that the court ignore his unlawful attempt, and give effect to his blanket lien by dividing the property into two portions, and the amount for which his lien was filed into two, and recognize the lien as valid as to one of the portions of property for one of the amounts. Upon which of the portions the revised lien should be so recognized we are not told. It is plain that such a course would in effect amount to a nullification of the provisions of statute imposing limitations and conditions upon the right of lien and its continuance as a subsisting incumbrance.

We have thus far taken only casual notice of the fact that Catalano in his certificate of lien certified that the materials were furnished and services rendered by him in the construction of "a certain building" on the described property, and that he claimed a lien on "said building," together with the land on which it stands. It now appears that the "certain building" and "said building" was two buildings, which could in no way be

regarded as one, or as appurtenant to one another. In view of our conclusions hereinbefore stated, we have no occasion to inquire as to the effect of this inaccuracy of statement.

There is no error.

In this opinion the other judges concurred.