THE DRAZEN LUMBER COMPANY *vs.* FREDERICK JENTE ET ALS.

Third Judicial District, Bridgeport, April Term, 1931.
MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 14th—decided June 22d, 1931.

*Manuel S. Sachs,* with whom, on the brief, were *Louis Sachs* and *Joseph I. Sachs,* for the appellant (plaintiff).

*George M. Peck,* with whom was *Lyman H. Steele,* and, on the brief, *Frank R. Goldman,* for the appellee (defendant Jente).

MALTBIE, C. J. This is an action brought by a subcontractor to foreclose a mechanic's lien upon property owned by the defendant Frederick A. Jente whom we shall refer to as the defendant. Jente, desiring to invest some money, applied to The Parker-Smith Company for a suitable first mortgage, and was told that it had for sale desirable first mortgages on certain properties at Pond Point Beach. Jente went to look at the properties and was shown several cottages in the course of construction, one of which was practically completed. He returned to the office of the company and stated that he would purchase a mortgage on this cottage but not one on any which was unfinished. In fact a mort-

gage was assigned to him which was upon the cottage against which the lien in this case was filed and which fell far short of being completed. He supposed, however, he was receiving a mortgage upon the completed cottage. Subsequently there was a default in the interest on the mortgage. The company concealed this from Jente and paid him the interest when it was due, but it began a foreclosure action in his name, its treasurer filed an affidavit of debt stating that he was acting for Jente, the action proceeded to judgment of strict foreclosure, title was vested in Jente and, on September 1st, 1928, a certificate of title put upon record in his name. Thereafter the company represented to The Heller Construction Company that it had acquired title to seven cottages at Pond Point Beach, including that of the defendant, by a recent foreclosure and, upon April 3d, 1929, made a contract in its own name and upon its own credit and responsibility with the construction company to complete the cottages. The Construction Company proceeded with the work and purchased materials for it from the plaintiff. On June 24th, 1929, the plaintiff caused a notice of an intention to file a mechanic's lien to be served upon the defendant and thereafter filed the lien it now seeks to foreclose. Not until he received this notice did Jente know that his mortgage covered the unfinished cottage in question or that title to it had vested in him or that any labor was being done or materials furnished in the construction of any cottage title to which was in him. Thereafter, after consulting counsel, he wrote a letter in which he offered to convey the property to the lienors upon payment to him of the amount he had paid for the mortgage when he purchased it, with interest, but his offer was declined. Subsequently he took possession of the cottage, has since occupied it from

time to time, paid taxes on it and exercised acts of ownership with reference to it.

Our statute gives a right to a mechanic's lien for labor done or materials furnished in the construction of a building when "such claim shall be by virtue of an agreement with or by consent of the owner of the land upon which such building is being erected or shall have been erected or shall have been moved, or of some person having authority from or rightfully acting for such owner in securing such labor or material." General Statutes, § 5105. A subcontractor's right of lien depends upon the existence of such a right in the original contractor, whether perfected by him or not. *Avery* v. *Smith*, 96 Conn. 223, 225, 133 Atl. 313. Whether or not the plaintiff has a right of lien turns then upon the question whether its principal contractor, The Heller Construction Company, came within the terms quoted from the statute. The facts make it abundantly clear that there was before the completion of the work upon the cottage no agreement with or consent of the defendant as to the furnishing of labor or materials for it. Nor was there any authorization of, or right in, The Parker-Smith Company to act for him in the matter. Neither the finding as made, nor as it would stand with any corrections we could properly make in it, shows any such general agency in The Parker-Smith Company as would authorize it to act as agent for the defendant in making the construction contract or give to it any right to act for him in the matter. As the company was not the agent of the defendant in the matter of the contract, the knowledge it had of the construction work upon the building cannot, of course, be imputed to him; nor can he be held liable upon the theory that he was an undisclosed principal. The lien cannot be upheld under the words of the statute upon the ground that, in contracting for the work, the com-

pany was "rightfully acting" for the defendant. The finding shows that it was not acting for him at all, whether rightfully or otherwise, and it pretty clearly suggests that the purpose of the company was its own protection against its misdoing in selling a mortgage which it gave the defendant to understand was upon a cottage substantially complete whereas in fact it was one upon a cottage largely unfinished. Whatever the words quoted may mean, there was nothing in the relationship between Jente and the company which gave it any right to act for him in contracting for construction work upon the cottage.

If the lien is to be upheld it must be by reason of circumstances transpiring after the completion of the work. That the lack of prior agreement, consent or authority may be obviated in a proper case by subsequent ratification we do not question. *Anderson* v. *Berg,* 174 Mass. 404, 54 N. E. 877. By going into possession of the land and acting as owner thereof after knowledge that title was vested in him under the foreclosure proceedings, Jente availed himself of the acts of The Parker-Smith Company, done under purported authority from him, in bringing and prosecuting that action. Its conduct in placing title to the land in him was, however, entirely distinct from the making of the contract for the construction work upon the cottages. This contract was made six months after the filing of the certificate of foreclosure; it concerned not the defendant's cottage alone but also six others; and it was made in the name of the company, purporting to own them and upon its own credit and responsibility. The two matters being entirely distinct, ratification of the foreclosure proceedings does not ·of itself imply ratification of the making of the construction contract. 1 Mechem on Agency (2d Ed.) § 415. Moreover, to avail himself of his right under the foreclosure to take pos-

session of and deal with the property as his own would not constitute a ratification of the construction work upon the cottage, because the enjoyment of the results of that work was so inseparably connected with the assertion of his rights that he could not avail himself of the one and renounce the benefit of the other. *Forman & Co.* v. *Liddesdale,* L.R. (1900) App. Cas. 190, 204; *Young* v. *Board of Education,* 54 Minn. 385, 55 N. W. 1112; 1 Mechem, Op. Cit., § 439. Nor could there, strictly speaking, be any ratification of the construction contract, as it was made by The Parker-Smith Company in its own name and upon its own credit and responsibility and there can be no ratification of an act unless it is done by one purporting to act as agent. *Matulis* v. *Gans,* 107 Conn. 562, 566, 141 Atl. 870; 1 Mechem, Op. Cit., § 386 and following.

When the defendant learned the fact that his mortgage was upon the unfinished cottage he also learned that The Parker-Smith Company had foreclosed it without his knowledge and consent. As there had been a default in its terms and the foreclosure by the company was entirely without his knowledge or consent, he might, no doubt, have refused the benefit of those proceedings and himself instituted a foreclosure suit. Had he done so, he would have been entitled to secure title to the property in its finished condition without liability to the plaintiff for the cost of the materials or labor furnished without his knowledge, because they would constitute an inseparable benefit coming to him as a necessary incident to the assertion of his rights. *Turney* v. *Bridgeport,* 55 Conn. 412, 417, 12 Atl. 520; *Loomis* v. *Fifth School District,* 109 Conn. 700, 704, 145 Atl. 571; *Spruck* v. *McRoberts,* 139 N. Y. 193, 198. That, instead of doing this, he took the simpler course of ratifying the foreclosure proceedings brought by the

company and taking possession under them cannot alter this situation.

We cannot correct the finding, as requested, in any way which would materially affect our conclusion.

There is no error.

In this opinion the other judges concurred.