VINCENT FABRIZIO *v.* HENRY FABRIZIO ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued May 7—decided July 16, 1946

*William J. Lavery,* for the appellant (named defendant).

*Sheldon B. Smith,* for the appellee (defendant DeBenigno).

ELLS, J. The plaintiff brought this action to foreclose a mechanic's lien on premises owned by the defendant DeBenigno. It was alleged that Henry Fabrizio, the other defendant, claimed to have two mechanics' liens on the land. The resulting pleadings were complicated and do not require detailed discussion. The trial court decided that the plaintiff did not acquire a lien. He did not appeal. Henry Fabrizio did not pursue his lien claims but relied upon a cross-complaint to recover damages from DeBenigno for breach of contract. The court decided that Henry Fabrizio himself breached the agreement and could not prevail. For the purposes of the appeal the action may be considered to be one brought by a general contractor, Henry Fabrizio, to recover damages from the owner of the premises, DeBenigno, for the breach of a building contract.

The contract was for the erection of a garage and salesroom and provided that payments were to be made on or about the tenth day of each month amounting to 80 per cent of the value, based on the contract prices of labor and materials incorporated in the work and of materials suitably stored at the site thereof up to the first day of the month, as estimated by the architect. The contract was executed on October 16, 1941, and work commenced on or about that day. On November 10, Henry Fabrizio

presented to the architect a statement showing $3555.20 due as of November 1. The architect, relying solely on Fabrizio's word, approved the statement, and it was presented to DeBenigno for payment on the same day. Prior to November 1, Fabrizio was indebted to two supply companies in the amount of $3385.01, and DeBenigno had been notified by both that they intended to claim liens. He requested Fabrizio to go with him to the companies and pay their bills, but Fabrizio refused, stating in substance that he needed the money to meet other obligations. DeBenigno thereupon refused to make payment until and unless he was properly protected against claims for labor and by materialmen. Fabrizio immediately ceased work and refused to continue with his contract obligations. On November 18, he wrote a letter to DeBenigno in which he demanded payment of $3555.20 and stated that he would resume work when this sum was paid. On November 24, the architect certified in writing to DeBenigno that under article 22 of the general contract "sufficient cause exists to justify terminating the contract," and immediately notified Fabrizio that he had so certified; DeBenigno wrote Fabrizio on the same day that after seven days he would terminate the contract by authority of the architect's certificate. On December 9 he notified Fabrizio that pursuant to his notice of November 24 he had taken possession of the premises and was proceeding to finish the job; that he had paid bills for labor and materials amounting to $2561.02 and would pay the other outstanding bills; and that if the cost of completion exceeded the contract price he would hold him for the difference.

The issue upon the appeal is the correctness of

the trial court's decision that Fabrizio breached the contract; or, to state it more precisely, whether DeBenigno was justified in terminating the contract by Fabrizio's abandonment of the work. The finding of facts is not subject to material correction. The test is found in the provisions of the contract. DeBenigno refused to pay the amount due on the architect's certificate because of outstanding claims against the property. Article 26 provides that the architect may withhold a certificate on that ground, but there is nothing in the contract which permits the owner for such a reason to refuse to make an instalment payment certified by the architect. His remedy against such liens, as provided in article 32, is in his right to withhold the final payment and retained percentages. DeBenigno's refusal to pay in accordance with the certificate might have justified the contractor in terminating the contract, except that article 32 restricts the right of the contractor to stop work because of the failure of the owner to make any payment certified by the architect to be due by requiring that he give seven days' written notice to the owner. Fabrizio did not give the required notice but quit immediately and never did any more work. This was a breach of his contract.

The owner could, under article 22, terminate the contract upon certificate of the architect that the contractor had done or failed to do certain things, among them, "if he should fail to make prompt payment to subcontractors or for material or labor." The architect wrote a letter to DeBenigno stating that under this article "sufficient cause exists to justify terminating the contract." Under article 39 the architect's decision was subject to arbitration, which under article 40 came into play only when notice of

the demand for it was filed with the architect and the other party to the contract. The finding states no such demand. The failure of Fabrizio to make payments to materialmen constituted a reasonable basis for the issuance of the architect's certificate; and as the arbitration process was not initiated as provided in the contract the certificate would justify DeBenigno in terminating the contract. Under article 22, that would preclude Fabrizio from recovering anything until the work was finished and the architect certified what was due.

It is true that the trial court did not specifically state a conclusion that DeBenigno rightfully terminated the contract. However, although it found that DeBenigno terminated the contract, it concluded that Fabrizio breached it and could not recover. It is implicit in the finding that the termination by DeBenigno was rightful and in accordance with the terms of the contract; otherwise there would be little basis for the conclusion that it was Fabrizio who actually breached it.

There is no error.

In this opinion the other judges concurred.