NATHAN W. ROWLEY *v.* VALEDA C. SALLADIN ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued March 5—decided March 31, 1953

*Bernard A. Kosicki,* for the appellant-appellee (named defendant).

*C. O. Dunbar, Jr.,* for the appellant-appellee (plaintiff).

JENNINGS, J. The plaintiff had judgment of strict foreclosure of a mechanic's lien. The named defendant, hereinafter called the defendant, and the plaintiff have appealed. Both parties have attacked the finding, but neither can prevail on this issue since the additions they request involve facts which are neither admitted nor undisputed. Practice Book § 397. The single paragraph of the finding which the defendant seeks to strike as found without evidence is immaterial in the view we take of the case.

The finding is as follows: On or about December 28, 1949, the defendant entered into a written contract with the defendant Bishop for the construction of a cottage on premises owned by the former in Clinton. One thousand dollars in cash was paid in good faith on the signing of the contract. The balance of $2200 was to be paid when the work was completed. The plaintiff furnished materials of the value of $1506.02 to be used by Bishop in building the house and filed a proper mechanic's lien against the defendant's property. Bishop abandoned the job after it was partially completed. The defendant spent $538.19 to protect the property from the weather, and it will cost her $1000 additional to complete it.

On these facts the trial court reached the following conclusions: Bishop abandoned the construction of the house and defaulted on his contract without fault on the part of the defendant; the plaintiff is entitled to $661.81, the difference between $2200, the sum still

due on the contract price, and $1538.19, the amount spent and to be spent to complete the cottage. The court set the debt at $661.81 plus interest and rendered judgment of strict foreclosure.

The defendant claimed that the plaintiff had no right to a mechanic's lien because Bishop had none. It is clear that Bishop had none. He had abandoned his contract, without fault on the part of the defendant, and the amount found necessary to complete it shows that he could not claim substantial performance. It follows that the plaintiff was entitled to no further payment; *Fabrizio* v. *Fabrizio,* 133 Conn. 108, 112, 48 A.2d 375; and had no right to a mechanic's lien. Section 1273b of the 1951 Cumulative Supplement (formerly § 7217 of the General Statutes) provides: "No mechanic's lien shall attach to any . . . building or its appurtenances or to the land on which the same may stand in favor of any subcontractor to a greater extent in the whole than the amount which the owner shall have agreed to pay to any person through whom such subcontractor shall claim. . . . Any such subcontractor shall be subrogated to the rights of the person through whom such subcontractor claims." "So under such statutes [as ours], where a contractor, without fault on the owner's part, has abandoned his contract before its substantial completion, so that nothing is due him under his contract, the subcontractors have no lien for labor or materials furnished by them; and this is so although the expense of completing the improvement according to the contract would be less than the balance of the contract price for the entire work remaining unpaid." *Tice* v. *Moore,* 82 Conn. 244, 248, 73 A. 133; *Drazen Lumber Co.* v. *Jente,* 113 Conn. 344, 347, 155 A. 505; *Avery* v. *Smith,* 96 Conn. 223, 225, 113 A. 313; *Waterbury Lumber & Coal Co.*

v. *Coogan,* 73 Conn. 519, 521, 48 A. 204. The plaintiff's lien was unenforceable and the judgment was erroneous.

The cross appeal of the plaintiff does not affect this result. His attack on the finding has been disposed of above. His only other assignment complains of the overruling of the defendant's claims of law. If we assume that he means his own claims, it appears that they refer only to claims of fact as to which the court found against him.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant Salladin.

In this opinion the other judges concurred.