MEYER BILLER *v.* SIDNEY HARRIS ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, JS.

Argued April 6—decided May 10, 1960

*T. Holmes Bracken,* with whom, on the brief, was *Joseph R. Apter,* for the appellant (named defendant).

*Richard A. Dice,* with whom were *Dennis N. Garvey* and, on the brief, *Lewis E. Caplan,* for the appellee (plaintiff).

KING, J. So far as they are important to the legal issues before us, the facts are relatively simple. The plaintiff, as a subcontractor, rendered services and furnished materials in the construction of the cement foundations of five houses in Ansonia. The houses were being built, as part of a development project, on a rather large tract of land standing of record in the name of Woodbridge Manor, Inc., a Connecticut corporation. A map which showed the property divided into lots was not filed in the land records until nearly a month after the plaintiff ceased operations. The plaintiff, however, had been instructed to keep a separate record of the work done on each house and to bill Harris Developing Associates, Inc., another Connecticut corporation, weekly for the amounts due him. Payments to the plaintiff were irregular and generally tardy. For purposes of this appeal, we accept as correct the claim of the named defendant, hereinafter called the defendant, that the

principal contractor was Harris Developing Associates, Inc. It was admitted in the pleadings that the two corporations were adjudicated bankrupt and that on April 26, 1957, the defendants Leon M. Gabriel, Irving Groob and Milton A. Bernblum were appointed trustees in bankruptcy for each of them. The plaintiff, on March 9, 1956, had filed for record a single certificate of mechanic's lien on the property of Woodbridge Manor, Inc. The amount claimed was the total amount owing when operations ceased. The lien described, as the land which it covered, the five lots on which the houses stood, referring to lot numbers as listed on the map, which had by this time been filed in the record office.

Subsequently, pursuant to a court order apparently granted under the provisions of what is now § 49-37 of the General Statutes, the defendant, as surety, and the two corporations, as principals, gave a bond to the plaintiff conditioned on the payment to the plaintiff of such amount as a court of competent jurisdiction might adjudge to have been secured by the mechanic's lien. See Practice Book, Form No. 582. The plaintiff then instituted this statutory action, under the provisions of § 49-37, for the recovery of the amount of his claim and upon the bond. The court rendered judgment in favor of the trustees, presumably because of the Bankruptcy Act, but against the defendant, the surety. From that judgment the defendant has appealed.

The defendant's first claim of error is that the notice of intent to claim a lien was not filed until after the filing for record of the certificate of lien itself and that this invalidated the lien. If the lien itself was invalid, nothing was secured by the bond. *Hartlin* v. *Cody,* 144 Conn. 499, 505, 134 A.2d 245.

The notice of intent to claim a lien is, in the case of a subcontractor such as this plaintiff, required to be served upon the owner of the building "after commencing, and not later than sixty days after ceasing, to furnish materials or render services" for its construction, raising, removal or repair. General Statutes § 49-35. The certificate of lien is required to be filed for record with the town clerk of the town in which the building is situated "within sixty days after" the lienor has ceased to perform services or furnish materials. § 49-34. Nothing is said in either statute about the sequence of the service of the notice of intent to claim a lien and the filing for record of the lien itself. At first blush it might appear unreasonable that the giving of a notice of intent to do an act should follow the act itself. The notice of intent to file a lien is, however, required only of a subcontractor; if he complies with the terms of the statutes (§§ 49-34, 49-35, 49-36), he "acquires the right to find in the property owner's hands such an amount, within the limits of what is due to the original [principal] contractor at the time of the service [of the notice of intent to claim a lien] or what shall thereafter become due, as will suffice in its division and distribution pursuant to statute [§ 49-36] to satisfy his claim as it shall prove to be." *Stone* v. *Moomjian,* 92 Conn. 476, 485, 103 A. 635; *Drazen Lumber Co.* v. *Jente,* 113 Conn. 344, 347, 155 A. 505; *Rowley* v. *Salladin,* 139 Conn. 642, 644, 96 A.2d 219.

On the one hand, the certificate of lien is concerned with the property itself. On the other hand, the notice of intent to claim a lien is concerned with the protection of the owner of the property, who might not otherwise know what, if any, subcontractors the principal contractor had employed. *Lampson Lumber Co.* v. *Rosadino,* 141 Conn. 193, 196, 104 A.2d

362; *Thames Lumber Co.* v. *Cruise,* 116 Conn. 273, 276, 164 A. 652; see *Hubbell, Hall & Randall Co.* v. *Pentecost,* 89 Conn. 262, 264, 93 A. 672. It is for that reason that the notice of intent is required to be served on the owner (§ 49-35), while the certificate of lien itself is filed for record with the town clerk (§ 49-34). If the basic purpose of the notice of intent to claim a lien is borne in mind, it becomes apparent that there is no occasion for reading into § 49-35 an implied provision that as matter of law the notice must be served on the owner prior to the filing for record of the certificate of lien under § 49-34. *Shattuck* v. *Beardsley,* 46 Conn. 386, 387; see *Welton* v. *Thomaston,* 61 Conn. 397, 399, 24 A. 333.

The defendant's second claim of error is, in effect, that the plaintiff's lien is invalid, under the rule of cases such as *Ginsberg* v. *Capone,* 91 Conn. 169, 172, 99 A. 501, and *In the Matter of Glen Haven Estates, Inc.,* 123 F. Sup. 659, 661, because it was a blanket lien, that is, a single lien which purported to secure the total amount owing on the five houses and to cover, as an entity, the five lots on which all five houses stood. The court refused to consider this claim on the ground that it had not been specially pleaded in the answer. It is important to note that we are concerned, at this point, only with a question of pleading. It is true that a plaintiff who relies upon a lien must ordinarily allege and prove the facts essential to its validity. *Peck* v. *Brush,* 89 Conn. 554, 556, 94 A. 981. Here, the complaint was far from a model. It certainly would have been vulnerable to an attack by a motion for a more specific statement, and had such a motion been filed and the complaint made more specific, the blanket character of the lien would almost certainly have ap-

peared on the face of the complaint. But the defendant merely filed an answer denying certain allegations of the complaint and alleging eight special defenses which had been included by him in a disclosure of defense apparently filed in response to a motion of the plaintiff made under the provisions of Practice Book § 79. No hint of any such invalidity as that now claimed appeared in either the disclosure of defense or the answer. Indeed, the claim of a blanket lien was not raised until the parties had rested their case.

The complaint alleged that the two corporations were the owners of "certain lands" on which they were constructing "buildings and houses"; that by agreement the plaintiff had furnished materials and rendered services in the construction of those "buildings and houses"; that he "filed certificates of mechanic's liens on the Land Records . . . for said materials and services"; and that "said mechanic's liens" were dissolved by order of the court upon the giving of a surety bond upon which the defendant was surety and the corporations were principals. The complaint did not recite, nor incorporate by reference as an exhibit (Practice Book § 41), any notice of intent or certificate of lien. Indeed, no notice of intent was mentioned. The draftsman made no attempt to comply with the portions of the form for the foreclosure of a mechanic's lien (Practice Book, Form No. 367) which are applicable to a complaint in an action such as this, brought, after the substitution of a bond, under the provisions of General Statutes § 49-37. The complaint did not state whether the "buildings and houses" stood upon a single lot and were so connected as to constitute, in effect, one building with appurtenances. Its allegations would have permitted proof that separate valid

certificates of lien were filed with respect to separate structures and lots or that a single certificate was filed with respect to a main building and subordinate and appurtenant structures and land. It was not on its face so inadequate that the defendant was entitled to go through the entire trial and then, at its close, to raise, for the first time, this claim of invalidity of the lien. Maltbie, Conn. App. Proc. § 42; *Krooner* v. *Waterbury,* 105 Conn. 476, 478, 136 A. 93.

Under the peculiar state of the pleadings, a defense that in fact there was but a single certificate of lien and notice of intent, and that therefore the lien was invalid as an attempted blanket lien covering five houses as an entity, would have been consistent with the allegations of the complaint but nevertheless would have shown, prima facie at least, that the plaintiff had no cause of action. See *Peck* v. *Brush,* supra; *Burque* v. *Naugatuck Lumber Co.,* 113 Conn. 350, 352, 155 A. 414. It follows that it was a defense which, as the complaint stood, had to be a special defense, raising an invalidity not apparent on the face of the pleadings. Practice Book § 102; see § 105. The purpose of pleadings is to apprise the court and opposing counsel of the issues to be tried, not to conceal basic issues until after the close of the evidence. Had the claimed invalidity been specially pleaded, the plaintiff, in a reply, might perhaps have been able to allege facts in justification or excuse under the rule of cases such as *Burque* v. *Naugatuck Lumber Co.,* supra. See cases such as *Rose* v. *Persse & Brooks Paper Works,* 29 Conn. 256, 266; *Tramonte* v. *Wilens,* 89 Conn. 520, 526, 94 A. 978. The shortcomings of the complaint were, if anything, less obvious in this special statutory action (§ 49-37) for recovery under a bond given in substitution for the lien than they would have been in the ordinary ac-

tion for the foreclosure of the lien itself. See *Burque v. Naugatuck Lumber Co.*, supra (involving a similar action); Practice Book, Form No. 367. The court was not in error in refusing to permit the defendant, on these particular pleadings, to raise the defense of a blanket lien.

There is no error.

In this opinion the other judges concurred.