[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR DISCHARGE OR REDUCTION OF MECHANIC'S LIEN
The plaintiffs, Francis S. Perry and Marie B. Perry, have filed an Application to Discharge a Mechanic's Lien placed upon property owned by them and located at 15 Summit Ridge Road, Shelton, Connecticut. The lien was filed by the defendant, Louis Trombetta, on February 21, 1992 for services performed at that between November 1, 1991 and November 27, 1991. The services performed involved labor and materials for the installation of a septic system and grading.
The parties entered into an oral agreement the plaintiffs alleging that the defendant agreed to install a septic system and grading for $12,500. The defendant alleges that the initial agreement was for the installation of a septic system and that there were extras relating to the grading and removal of construction debris. The defendant alleges the price to be $13,500. The plaintiffs have paid $11,000 and allege that the work has not CT Page 6969 been completed, boulders having been left on the premises and, certain drawings were not filed with the proper authority preventing them from receiving a Certificate of Occupancy.
In his application the plaintiff alleges that the lien is invalid claiming written Notice of an Intention to Claim a lien was never given as required by Section 49-35 of the General Statutes. They also claim the lien is excessive.
Section 49-34 of the Connecticut General Statutes in its pertinent part reads as follows:
 "A Mechanic's Lien is not valid unless the person performing the services or furnishing the materials, . . . . . . 2) within the same time or prior to the lodging of the certificate but not later than thirty days after lodging the certificate, serves a true and attested copy of the certificate upon the owner of the building, lot or plot of land in the same manner as is provided for the service of the Notice in Section 49-35".
Section 49-35 of the General Statutes as it relates to Notice of Intent states the following:
 "No person other than the original contractor. . . . .or a subcontractor. . . . .is entitled to claim any such mechanic's lien, unless, after commencing, and not later than ninety days after ceasing to furnish materials or render services for such construction. . . .he gives written notice to the owner of the building, lot or plot of land. . .that he has furnished or commenced to furnish materials or rendered or commenced to render services and intends to claim a lien therefor on the building, lot or plot of land".
An attested copy of the original mechanic's lien was served upon the applicants at their usual place of abode by a Deputy Sheriff of Fairfield County on February 21, 1992 the same date the lien was lodged with the City of Shelton.
"Both notice requirements may be satisfied in one document. Although the word "`intends'" usually implies a further act, this court has stated that `[i]f the basic purpose of the notice of intent to claim a lien is borne in mind, it becomes apparent that there is no occasion for reading into 49-35 an implied provision that as [a] matter of law the notice must be served on the owner CT Page 6970 prior to the filing for record of the certificate of lien under49-34. Biller v. Harris, 147 Conn. 351, 355, 161 A.2d 187 (1960). Accordingly, a subcontractor may comply simultaneously with both notice requirements. Two separate notices are not necessary to accomplish the purpose of the statutes. Lourdes Hill Realty Co. v. Greeneville Concrete Co., 299 S.C. 619, 630, 93 S.E.2d 855 (1956); H S Torrington Associates v. Lutz Engineering Co., 185 Conn. 549,555.
"Use of the language `intends to claim a lien' is not talismanic provided the other provisions of 49-35(a) are met". Taking into account the remedial intent of the law this court is satisfied with substantial compliance of the requirements of both mechanic's lien statutes. Pierce Butler Pierce Mfg. Corporation v. Enders, supra, 615. The requirements of the Mechanic's Lien statutes have been substantially complied with.
The application to discharge the Mechanic's Lien is denied. The plaintiffs may substitute a bond in the amount of $1500.00.
THE COURT
CURRAN, J.