[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING RE: MOTION FOR DISCHARGE OF LIS PENDENS (#103)
 I
The defendant, Geoffrey H. Wright, sold his interest in real CT Page 2552 property known as 2 Forest Hills Drive, Avon, Connecticut (Lot 35 A) to Stuart Nicol and Susan Millar Nicol on December 13, 1990. On July 13, 1993, Geoffrey H. Wright and Teresa L. Wright, f/k/a Teresa L. Lomnicky, executed a promissory note to the plaintiffs, Heinz H. Beier and Lieselotte Beier, in the amount of $15,000, with interest at the rate of 4.5% per annum. The note provided that in the event of a default on any installment, the unpaid balance would be accelerated and become payable at the option of the holder. In November of 1995, Geoffrey H. Wright transferred by quit claim deed certain property known as Lot 35 B, West Avon Road, Avon, Connecticut (Lot 35 B) to his father, the defendant Robert W. Wright. Geoffrey H. Wright and Teresa L. Wright allegedly failed to pay the plaintiffs, holders of the promissory note, the installment due December, 1995.
The plaintiffs recorded a notice of lis pendens on May 8, 1998 on the Avon Land Records and filed suit on the note on May 27, 1998. In the complaint, it is alleged that the transfer of Lot 35 B was completed with the intent to avoid satisfaction of Geoffrey H. and Teresa L. Wright's debt to the plaintiffs. The notice of lis pendens includes two claimed defects. In the heading, it recites the return date as September 23, 1998, while the body of the notice of lis pendens states a correct return date of Tuesday, June 23, 1998. Additionally, the property description includes both Lots 35 A and 35 B.
Robert W. Wright, the current property owner of Lot 35 B, has filed this motion to discharge the defective notice of lis pendens. The plaintiffs have filed a memorandum of law in opposition to the motion. The plaintiffs also filed a document entitled "Amendment to Notice of Lis Pendens" dated July 16, 1998.[1] The court conducted a hearing on this motion.
 II
Robert W. Wright argues that the court must discharge the notice of lis pendens because it includes property sold three years before Geoffrey and Teresa Wright executed the promissory note. He also argues that the lis pendens should be discharged due to a defective return date.[2] He contends that the over-inclusive property description and the improper return date invalidate the lis pendens, and deprive the court of subject matter jurisdiction.
The plaintiffs argue that the incorrect property description CT Page 2553 and return date are the result of scriveners' mistakes and may be corrected.
"A notice of lis pendens is appropriate where the pending action will in some way, either directly or indirectly, affect the title to or an interest in the real property itself. . . . A lis pendens is a creature of statute and a person invoking its provisions must comply with the statutory requirements. . . . Nevertheless, the provisions of the statute should be liberally construed to implement reasonably and fairly its remedial intent of giving notice of claims pertaining to the real property which is the subject of the litigation." (Citations omitted; internal quotation marks omitted.) First Constitution Bank v. HarborVillage Ltd. Partnership, 37 Conn. App. 698, 703, 657 A.2d 1110, cert. denied, 235 Conn. 902, 665 A.2d 901 (1995).
Robert W. Wright asserts that the notice of lis pendens must be discharged because the property description includes property beyond that owned by the defendants. A court of equity cannot be called upon to declare a lien utterly void upon a motion by persons who have lost nothing by the mistake. See: FirstConstitution Bank v. Harbor Village Ltd. Partnership,230 Conn. 807, 816, 646 A.2d 812 (1994), citing Marston v.Kenyon, 44 Conn. 349, 356 (1877). Connecticut courts are "liberal in validating liens despite claimed errors on the face of the lien certificate where the mistake was made in good faith" and there is "no resulting prejudice." Id.; see also Burque v.Nauqatuck Lumber Co., 113 Conn. 350, 353-154, 155 A. 414 (1931) (defect in the description did not invalidate the mechanic's lien); Peck v. Brush, 89 Conn. 554, 557, 94 A. 981 (1915) (mechanic's lien not invalidated as to new building where older buildings mistakenly included in description). Here, Wright has not demonstrated any prejudice to him by the inclusion of other property in the description set forth in the lis pendens. Plaintiffs' counsel has maintained, and it does not appear to be disputed in the present proceeding, that the over-inclusive property description was unintentional. Under such circumstances, the notice of lis pendens should not be invalidated or discharged as to Lot 35 B, the property actually owned by Robert W. Wright; with respect to Lot 35A, title to which was not at any relevant time in the name of Robert W. Wright, the lis pendens is invalid and should be discharged.[3]
Robert W. Wright also claims that the court lacks subject matter jurisdiction because the notice of lis pendens includes an CT Page 2554 erroneous return date."`[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case. . . .Community Collaborative of Bridgeport Inc. v. Ganim,241 Conn. 546, 552, 698 A.2d 245 (1997). . . . `Subject matter jurisdiction, unlike jurisdiction of the person, cannot be created through consent or waiver.' Castro v. Viera,207 Conn. 420, 429-30, 541 A.2d 1216 (1988), and cases cited therein. Jurisdiction over the subject matter is the court's power to hear and decide cases of the general class to which the proceedings at issue belong. See Lauer v. Zoning Commission, 220 Conn. 455, 460,600 A.2d 310 (1991); Shea v. First Federal Savings Loan Assn.of New Haven, 184 Conn. 285, 288, 439 A.2d 997 (1981). `Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged.' Demar v. Open Space Conservation Commission,211 Conn. 416, 425, 559 A.2d 1103 (1989)." Haigh v. Haigh,50 Conn. App. 456, 460-61, 717 A.2d 837 (1998).
General Statutes § 52-48 (a) provides that "[p]rocess in civil actions . . . brought to the Superior Court may be returnable on any Tuesday in any month." "All process shall be made returnable not later than two months after the date of the process and shall designate the place where court is to be held." General Statutes § 52-48 (b). The plaintiffs filed their notice of lis pendens with two return dates: June 23, 1998 and September 23, 1998. They contend that June 23, 1998 is the correct return date and that it complies with General Statutes § 52-48. The September 23, 1998 return date does not comply with General Statutes § 52-48. General Statutes § 52-72, provides: "Any court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective, upon payment of costs taxable upon sustaining a plea in abatement."[4]
The plaintiffs have filed as an exhibit a document entitled "Amendment to Notice of Lis Pendens." They undertake to amend their defective notice of lis pendens by correcting the over-inclusive property description and the erroneous return date. It is the court's view that the lis pendens should not be discharged as to Lot 35 B, provided the plaintiffs promptly cause to be corrected the return date and the property description contained in the notice of lis pendens, with appropriate recording on the Avon Land Records. CT Page 2555
Accordingly, the motion for discharge of the notice of lis pendens (#103) is denied as to Lot 35 B only, conditioned upon
the plaintiffs promptly amending the property description to include Lot 35 B only, correcting the return date in compliance with General Statutes § 52-48, and immediately effectuating the recordation of all necessary documentation on the Land Records to accomplish the aforesaid (including removal of the encumbrance on the Lot 35A title).
The motion for discharge of the Notice of Lis Pendens (#103) is granted as to Lot 35A only: the notice never because effective with respect to Lot 35A because the property owners of record were not served and, therefore, the said notice is invalid and does not constitute constructive notice as to Lot 35A.
Mulcahy, J.